UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

BURGER KING CORPORATION,

       Plaintiff,

vs.

MKMB RESTAURANT PARTNERS LLC,
MARTIN L. KING AND
MARC B. BROOKS,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff Burger King Corporation ("BKC") files this Complaint for Damages and sues Defendants MKMB Restaurant Partners LLC ("MKMB"), Martin L. King ("King"), and Marc B. Brooks ("Brooks") (collectively "Defendants"), and states:

1.      This is an action for money damages for Defendants' breaches of written agreements with BKC arising out of Defendants' combined operation of twenty-one (21) BURGER KING® Restaurants located in Iowa.

## THE PARTIES

2.      Plaintiff BKC is a Florida corporation with its principal place of business in Miami, Florida.

3.      Defendant MKMB is a Delaware limited liability company with its principal place of business in the State of Illinois. Upon information and belief, the sole members of MKMB are King and Brooks who are citizens and residents of the State of Illinois.

4.      Defendant King is a citizen of the State of Illinois.

5.      Defendant Brooks is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

6.      BKC operates and franchises restaurants throughout the World.  BKC's franchise operations are conducted and supervised from its World Headquarters located in Miami, Florida. BKC and Defendants have carried on a continuous course of direct communications by mail, e-mail and by telephone through BKC's World Headquarters in Miami, Florida.

7.      The course of dealing between BKC and its franchisees, including Defendants, shows that decision-making authority is vested in BKC's World Headquarters in Miami, Florida.

8.      Defendants negotiated with BKC in Miami, Florida for the acquisition of long-term franchise agreements and other written agreements with the knowledge that they would benefit from their affiliation with BKC.

9.      Defendants voluntarily entered into franchise relationships with BKC which envisioned continuing and wide-reaching contacts with BKC in Florida, including regulation of their franchised businesses, from BKC's World Headquarters in Miami, Florida.

10.      Defendants have purposefully availed themselves of the benefits and protection of Florida law by entering into written agreements with BKC which expressly provide that Florida law will govern any disputes between the parties.

11.      Defendants have breached written agreements with BKC, which were to be performed in Florida, by failing to pay amounts owed to BKC under franchise agreements, lease agreements and guaranty agreements. These breaches have caused damage to BKC in Miami, Florida.

12.      This Court has jurisdiction over this action based upon 28 U.S.C. §1332, because BKC and Defendants are citizens of different states and the matter in controversy exceeds the

2

sum or value of $75,000.00, exclusive of interest and costs.

13.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 and the forum selection clauses agreed to by the parties in their written agreements at issue in this case.

14.     Defendants have agreed in writing that in any litigation to enforce the terms of the operative written agreements between BKC and Defendants, BKC, as the prevailing party, shall be paid by Defendants all costs, including attorneys' fees, incurred as a result.

15.     BKC has engaged undersigned counsel and has agreed to pay counsel reasonable attorneys' fees for all services rendered in this action and otherwise in connection with enforcing the operative agreements between BKC and Defendants.

16.     All conditions precedent to the institution of this action have been satisfied, discharged, excused, and/or waived.

<u>**BKC'S WRITTEN AGREEMENTS WITH DEFENDANTS**</u>

**A. MKMB FRANCHISE AGREEMENTS AND LEASE*S***

17.     Defendant MKMB currently owns and operates twenty-one (21) restaurants as franchised BURGER KING® Restaurants (the "Restaurants") using BKC's systems and names, including service marks and trademarks, in accordance with the terms and conditions of twenty-one (21) separate BURGER KING® Restaurant Franchise Agreements (collectively the "Franchise Agreements"), as well as BURGER KING® Lease Agreements, where applicable (collectively the "Leases").

18.     The Restaurants' numbers, locations and commencement dates of the Franchise Agreements and Leases, where applicable, are set forth below:

| BK # | Restaurant Location: | Date of Franchise Agreement: | Date of Lease Agreement: | Date of Guaranty Agreement: |
|---|---|---|---|---|
| 1787 | 205 University Avenue, Des Moines, IA 50314 | August 13, 2010 | N/A | August 13, 2010 |

3

| 2188 | 2605 South Center<br>Marshalltown, IA 50158 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
|---|---|---|---|---|
| 2702 | 2814 Fifth Avenue South<br>Fort Dodge, IA 50501 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 2733 | 1020 East 1st Street<br>Ankeny, IA 50021 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 3817 | 1405 East Court Avenue<br>Des Moines, IA 50316 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 4061 | 3300 9th Street. N. W.<br>Altoona, IA 50009 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 5722 | 2222 M. L. King Jr. Parkway<br>Des Moines, IA 50314 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 6049 | 705 1st. Avenue, East<br>Newton, IA 50208 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 6139 | Kaleidoscope Mall #120<br>Des Moines, IA 50309 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 7373 | 915 Us Highway 30 W<br>Carroll, IA 51401 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 7771 | 1107 73rd Street<br>Windsor Heights, IA 50311 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 8671 | 4801 North East 14th Street<br>Des Moines, IA 50313 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 8683 | 7275 Vista Drive<br>West Des Moines, IA 50266 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 9882 | 804 South Division<br>Stuart, IA 50250 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 10348 | 2565 East Euclid Avenue<br>Des Moines, IA 50317 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 10435 | 2501 S. E. Delaware<br>Ankeny, IA 50021 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 10772 | 1319 Highway 141<br>Perry, IA 50220 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 11454 | 5308 University Avenue<br>Des Moines, IA 50265 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 12496 | 8550 Birchwood Court<br>Johnston, IA 50131 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 14380 | 2170 North West 100th Street<br>Clive, IA 50325 | March 19, 2009 | March 19, 2009 | March 19, 2009 |
| 18340 | 3801 Merle Hay Rd<br>Des Moines, IA 50310 | November 24, 2011 | N/A | November 24, 2011 |

19.     MKMB also leased all of the locations for the Restaurants, except for BK #1787 and BK #18340, pursuant to the Leases.

**B. KING-BROOKS GUARANTEES**

20.     Pursuant to written guarantees, King and Brooks, jointly and severally, unconditionally and irrevocably personally guaranteed to BKC the performance of each and every obligation of MKMB under the Franchise Agreements and Leases (the "King-Brooks Guarantees"), with the exception of BK #18340 which King solely guaranteed.

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

## RELEVANT TERMS OF FRANCHISE AGREEMENTS AND LEASES

### A.  FRANCHISE AGREEMENTS

21.    Under the terms of the Franchise Agreements, MKMB was obligated to make monthly payments to BKC for royalties, advertising and other fees.  Specifically, the Franchise Agreements required MKMB to pay BKC a royalty of a certain percentage of gross sales for the preceding calendar month in return for the use of the Burger King System and the BKC Marks. Additionally, the Franchise Agreements obligated MKMB to pay BKC an amount equal to a certain percentage of MKMBs' monthly gross sales for the preceding calendar month in return for advertising, sales promotion and public relations expenditures made by BKC on behalf of the entire Burger King System.  The Franchise Agreements required that all such royalty and advertising payments be made to BKC in Miami, Florida.  The Franchise Agreements provide that the failure to make such payments constitutes an act of default under the Franchise Agreements.

### B.  LEASES

22.    Under the terms of the Leases, MKMB was obligated to make monthly payments to BKC for rent and other charges, including but not limited to all taxes, assessments and charges imposed in connection with the ownership, occupancy or possession of the respective Restaurants.  All such payments were due and payable to BKC in Miami, Florida.

### DEFAULTS UNDER FRANCHISE AGREEMENTS AND LEASES

23.    By letter dated February 19, 2013, BKC notified Defendants that they were in default of their obligations under the Franchise Agreements, Leases and Guarantee Agreements (the "Notice of Default") for their failure to make payment for royalty, advertising and other charges due under the Franchise Agreements and to make payment for rent and other charges

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

due under the Leases.

## COUNT I - BREACH OF FRANCHISE AGREEMENTS
## (AGAINST MKMB)

24.   BKC re-alleges and incorporates Paragraphs 1 through 23 above as if fully set forth herein.

25.   MKMB has not paid when due amounts owed to BKC under the Franchise Agreements for royalty, advertising and other amounts.

26.   BKC has made demand for payment of these past due receivables.

27.   The failure of MKMB to pay BKC as obligated is a breach of the Franchise Agreements.

28.   These breaches have directly and proximately caused loss and damage to BKC.

## COUNT II - BREACH OF LEASES
## (AGAINST MKMB)

29.   BKC re-alleges and incorporates Paragraphs 1 through 23 above as if fully set forth herein.

30.   MKMB has not paid when due amounts owed to BKC under the Leases, for base rent, percentage rent and other amounts.

31.   BKC has made demand for payment of these past due receivables.

32.   The failure of MKMB to pay BKC as obligated is a breach of the Leases.

33.   Further, under the terms of the Leases, the Leases are each conditioned upon the faithful performance by MKMB of the respective Franchise Agreements and a default in the terms of the Franchise Agreements are defaults of the respective Leases.  As discussed in Count I herein, MKMB is also in default of their obligations under the respective Franchise Agreements.

34.   These breaches have directly and proximately caused loss and damage to BKC.

GENOVESE JOBLOVE & BATTISTA, P.A. • 100 Southeast Second Street, 44th Floor • Miami, Florida 33131 • Telephone: 305.349.2300 • Facsimile 305.349.2310

## COUNT III - BREACH OF KING-BROOKS GUARANTEES
## (AGAINST KING AND BROOKS)

35.     BKC re-alleges and incorporates Paragraphs 1 through 34 above as if fully set forth herein.

36.     As discussed herein, MKMB has failed to comply with the terms of the Franchise Agreements by failing to pay when due amounts owed to BKC under the Franchise Agreements for royalty, advertising and other amounts.

37.     Further, MKMB has failed to comply with the terms of the Leases by failing to pay when due amounts owed to BKC under the Leases for base rent, percentage rent and other amounts.

38.     Pursuant to the King-Brooks Guarantees, King unconditionally and irrevocably personally guaranteed the performance of each and every obligation of MKMB under all twenty-one (21) Franchise Agreements and Leases, should MKMB fail to perform such obligations.

39.     Pursuant to the King-Brooks Guarantees, Brooks unconditionally and irrevocably personally guaranteed the performance of each and every obligation of MKMB under all twenty-one (21) Franchise Agreements and Leases, with the exception of BK #18340, should MKMB fail to perform such obligations.

40.     The failure of MKMB to abide by the terms of the Franchise Agreements and Leases, and the failure of King and Brooks to ensure compliance with the obligations under those agreements, constitute breaches of the King-Brooks Guarantees.

41.     As a direct and proximate result of the breaches of the King-Brooks Guarantees, BKC has been damaged.

7

## DEMAND FOR ATTORNEYS' FEES

42.    The written agreements at issue provide that the prevailing party is entitled to its attorneys' fees and costs.  Pursuant to those provisions, BKC hereby demands that it be reimbursed by Defendants for all costs and expenses (including attorneys' fees) relating to prosecution of this action.

WHEREFORE, Burger King Corporation demands judgment against Defendants as follows:

1.    For money damages against Defendants MKMB Restaurant Partners LLC, Martin L. King, and Marc B. Brooks for their breaches of the Franchise Agreements, Leases and Guarantees;

2.    For all costs, including reasonable attorneys' fees, disbursements, and expenses of this action; and

3.    For all such other relief as this Court may deem just and proper.

Dated this 19th day of February, 2013.

Respectfully submitted,

GENOVESE JOBLOVE & BATTISTA, P.A.
*Attorneys for Burger King Corporation*
Miami Tower, 44th Floor
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 349-2300
Facsimile:   (305) 349-2310

Michael D. Joblove
Florida Bar No.: 354147
mjoblove@gjb-law.com
Nina Greene
Florida Bar No.: 72079
ngreene@gjb-law.com
Darci E. Cohen
Florida Bar no.:  90971
dcohen@gjb-law.com

2000-654/#6